**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MICHAEL RIMSON,
a/k/a Ronald Perdue,

     Petitioner,

                                  Case No. 06-CV-10669-DT

v.

DAVID BERGH,

     Respondent,

_____/

## OPINION AND ORDER GRANTING "PETITIONER'S MOTION TO EXPAND RULE 5 MATERIALS"

Pending before the court is "Petitioner's Motion to Expand Rule 5 Materials." On February 15, 2006, Petitioner Michael Rimson, also known as Ronald Perdue, filed an application for writ of habeas corpus with this Court, pursuant to 28 U.S.C. § 2254. Respondent filed an answer on October 12, 2006, and the Rule 5 materials were filed on October 24, 2006. For the reasons stated below, the Court will grant Petitioner's Motion.

## I. BACKGROUND

This case arises from the fatal stabbing of Chenguang Wang on June 18, 1999. Petitioner admits to killing Wang, but asserts that Wang was the aggressor. Petitioner raises four issues for habeas review, three of which were allegedly raised for the first time in Petitioner's post-judgment motion for relief from judgment. Respondent maintains that those three claims are procedurally defaulted and are not subject to habeas review. Upon the court's review of the Rule 5 Materials, the trial court's opinion and order concerning the

motion for relief from judgment was excluded. Petitioner contends that this omitted judgment should be added to the record so that the court may review it relative to Respondent's procedural default affirmative defense. Petitioner indicates that he has attached the opinion and order to his memorandum of law in support of his pending habeas petition.

## II. DISCUSSION

An appropriate response from a respondent to a request for responsive pleadings and for Rule 5 Materials is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts and any post-conviction pleadings and decision. *Chavez v. Morgan,* 932 F.Supp. 1152, 1153 (E.D. Wis. 1996). Rule 5 provides that the answer:

> must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retro-activity, or a statute of limitations . . . [and] indicate that transcripts (of pre-trial, trial , sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.

Habeas Rule 5(b).

Rule 7 (a) of the rules governing § 2254 cases, 28 U.S.C. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v.*

*Allison,* 431 U.S. 63, 81-82 (1977).

In the present case, Petitioner requests the court to expand the record to include material which may support his claims in opposition to Respondent's procedural default defense. Because these materials may help resolve some of the claims presented in this case, the Court will permit the court record to be expanded to include the trial court judgment concerning Petitioner's post-judgment motion.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that "Petitioner's Motion to Expand Rule 5 Materials" [Dkt. # 24] is GRANTED, and the document attached to Petitioner's memorandum of law in support of his habeas petition is deemed filed.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2007, by electronic and/or ordinary mail.


s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522