**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL RIMSON, #292317,
a/k/a Ronald Perdue

   Petitioner,

v.              Case No: 2:06-CV-10669

DAVID BERGH,

   Respondent.
           /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

  Petitioner Michael Rimson, also known as Ronald Perdue, murdered a man in a $5.00 robbery. He seeks, *pro se*, a writ of habeas corpus. The court denies his petition.

  Petitioner's present custodian is Mary Berghuis, but when Petitioner filed his petition, he was incarcerated at Alger Maximum Correctional Facility in Munising, Michigan and his custodian was David Bergh. Petitioner challenges his conviction for first-degree felony murder, Mich. Comp. Laws § 750.316. He was sentenced to a mandatory term of life imprisonment. Petitioner raises the following four issues on habeas review: (1) whether the trial court gave incomplete and misleading jury instructions regarding the prosecution's burden of proof; (2) whether the prosecutor engaged in misconduct by his deliberate admission of incorrect and false facts not in evidence at trial; (3) whether Petitioner received ineffective assistance of trial counsel; and (4) whether Petitioner received ineffective assistance of appellate counsel when he

failed to raise meritorious claims of ineffective assistance of trial counsel and claim of prosecutorial misconduct.

## I. BACKGROUND

Petitioner's conviction arose out of events which occurred on July 8, 1998, at which time Chenguang Wang, a Wayne State University researcher, was stabbed to death in the neck by Petitioner. Mr. Wang was experiencing car trouble while traveling northbound on the I-75 expressway at approximately 10:00 pm. He left his vehicle on the shoulder of the freeway and walked up the expressway berm toward the service drive for help. Mr. Wang saw Petitioner along the way and asked for assistance. Petitioner allowed Mr. Wang to use his cell phone. The prosecution theorized that Petitioner noticed that Mr. Wang had money in his wallet and tried to rob him as he feigned to be helpful. A struggle ensued between Petitioner and Mr. Wang and Petitioner retrieved a screwdriver from his person. At that time, Petitioner stabbed Mr. Wang in the neck with screwdriver, stole $5.00 from him, and escaped. A motorist saw that Mr. Wang was in trouble and transported him to the hospital, where he subsequently died from his wound. Petitioner does not deny assaulting Mr. Wang. However, it is his position that Mr. Wang was the aggressor; and Petitioner was acting in self-defense.

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and raised two issues: (1) whether the admission of Petitioner's statement violated the *corpus delicti* rule; and (2) whether the trial court's incomplete jury instructions regarding the prosecutions' burden of proof violated Petitioner's appellate right to due process. On July 3, 2001, the Michigan Court of Appeals affirmed

Petitioner's conviction in an unpublished opinion.  *People v. Rimson,* No. 221708, 2001 WL 753888 (Mich. Ct. App. Jul. 3, 2001) (per curiam).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court.  The court denied Petitioner's application, which raised the same issues as were presented before the Court of Appeals.  *People v. Rimson,* 465 Mich. 939; 638 N.W.2d 756 (Table) (Mich. Dec. 21, 2001).

On June 14, 2002, Petitioner filed a petition for writ of habeas corpus asserting the two above-stated issues as well as the following two issues: (1) whether Petitioner received ineffective assistance of trial counsel and (2) whether Petitioner received ineffective assistance of appellate counsel.  On July 29, 2002, the district court dismissed the petition on exhaustion grounds.  *Rimson v. Birkett,* No. 02-CV-72786 (E.D. Mich. Jul. 29, 2002) (Duggan, J.).

In April 2003, Petitioner filed a motion for relief from judgment in state court making the following claims: (1) whether Petitioner received ineffective assistance of trial counsel when he failed to present a reasonable defense; (2) whether the prosecutor engaged in misconduct by deliberately fabricating, presenting and arguing to the court and jury false facts so that a contrived conviction on an overreaching charge of felony murder could be obtained; and (3) whether Petitioner received ineffective assistance of appellate counsel when he raised weak *corpus delicti* and jury instruction claims in lieu of ineffective assistance of trial counsel and prosecutorial misconduct issues.  On January 15, 2004, the trial court denied Petitioner's motion for relief from judgment pursuant to MCR 6.508(D)(3)(a).  Petitioner subsequently filed a delayed application for leave to appeal raising the same three issues with the Michigan Court of Appeals.  On

August 16, 2005, the Court of Appeals denied relief "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Rimson,* No. 260196 (Mich. Ct. App. Aug. 15, 2005). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same three issues. Relief was denied on December 27, 2005 for the same reasons set forth by the Michigan Court of Appeals. *People v. Rimson,* 474 Mich. 978, 707 N.W.2d 204 (Table) (Mich. Dec. 27, 2005). On February 8, 2006, Petitioner filed the application for writ of habeas corpus which is presently before the court.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions, and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir.1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362,

4

412-413 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. DISCUSSION

### A. Reasonable Doubt Jury Instructions

Petitioner asserts that the trial court gave misleading and incomplete jury instructions relative to the prosecution's burden to prove beyond a reasonable doubt each element of the charged offense. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or even universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire,* 502 U.S. 62, 72 (1991). Therefore, the proper inquiry for a reviewing court is not whether the jury instruction could have been applied unconstitutionally, but whether there is a reasonable likelihood that the jury did apply the jury instruction in an unconstitutional manner. *See Victor v. Nebraska,* 511 U.S. I, 6 (1994). Due process neither prohibits trial courts from defining reasonable doubt nor does it require them to do so as a matter of course, so long as the trial court instructs the jury on the necessity that the defendant's guilt must be proven beyond a reasonable doubt. *Id.* at 5.

If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. *Binder v. Stegall,* 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v. Rivers,* 920 F.Supp. 769, 784 (E.D. Mich. 1996). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe,* 431 U.S. 145, 155 (1977). State law instructional errors rarely form the basis for federal habeas corpus relief. *Estelle,* 502 U.S. at 71-72.

The court will deny habeas relief relative to Petitioner's instructional error claim because, first, the trial court accurately instructed the jury about Petitioner's presumption of innocence. (Trial Transcript, Vol. III, 6/18/99, pg. 6-7). Second, the trial court gave the Michigan standard reasonable doubt instruction. *Id.* at 5-6. That very reasonable doubt instruction has been examined, and does not offend due process. *Binder v. Stegall,* 198 F.3d at 179. Finally, the Michigan Court of Appeals rejected Petitioner's jury instruction claim as follows:

> Defendant also argues that the jury was improperly instructed because, although the trial court instructed on reasonable doubt and on the elements of the possible verdicts, it did not specifically state that each element of the charged offense must be proven beyond a reasonable doubt. In addition to its oral instructions, however, the trial court sent a copy if the jury instruction into the jury room with the jurors, and those instructions specifically stated that "the prosecutor must prove each of the following elements beyond a reasonable doubt." Considered as a whole, the instructions fairly presented the issues for the trial and sufficiently protected the defendant's rights. *People v. Canales,* 243 Mich. App. 571, 574, 624 N.W.2d 439 (2000).

6

*People v. Rimson,* No. 221708, 2001 WL 753888, *1 (Mich. Ct. App. Jul. 3, 2001) (per curiam).

Considering the jury instructions in their entirety, the court finds that the trial court properly instructed the jury on the burden of proof and the concept of reasonable doubt and there is no reasonable likelihood that the jury applied those instructions in an unconstitutional manner. Moreover, the Michigan Court of Appeals' resolution of this issue was not "contrary to" clearly established federal law. *Williams*, 529 U.S. at 412-413; *see also* 28 U.S.C. § 2254(d). Habeas relief on this claim will therefore be denied.

### B. Procedural Default

Respondent claims that Petitioner's remaining issues, which include ineffective assistance of trial counsel, ineffective assistance of appellate counsel and prosecutorial misconduct, have been procedurally defaulted. These issues were raised for the first time in Petitioner's motion for relief from judgment. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). In the habeas context, this precludes federal courts from reviewing claims that a state court has declined to address because of a petitioner's noncompliance with a state procedural requirement. *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. at 730.

7

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States,* 975 F.2d 1207, 1213-14 (6th Cir. 1992). The Michigan rule, precluding collateral attack on non-jurisdictional grounds which could have been raised on direct appeal has been recognized as being "firmly established," so as to constitute an adequate state law ground barring habeas relief. *Luberda v. Trippett,* 211 F.3d 1004, 1008 (6th Cir. 2000). Where the Michigan Supreme Court denies leave to appeal on the basis that a petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)," even stated in a one sentence order, the court has provided sufficient explanation on the procedural default based decision. *See Hargrave-Thomas v. Yukins,* 374 F.3d 383, 387-88 (6th Cir. 2004). "Despite its brevity, the order constituted a 'reasoned' judgment that adequately explained its procedural basis." *Id.* at 388.

Petitioner's second and third claims, prosecutorial misconduct and ineffective assistance of trial counsel, were raised for the first time in his motion for relief from judgment. Therefore, they are procedurally defaulted, unless he can establish cause for the default and prejudice resulting from the default, or a fundamental miscarriage of justice.[1] *Wainwright,* 433 U.S. at 87. To establish cause, the petitioner must present a substantial reason to excuse the default. *Coleman v. Thompson,* 501 U.S. at 750.

---

[1]Contrary to Respondent's argument, Petitioner's fourth claim, ineffective assistance of appellate counsel, is not procedurally defaulted because Petitioner's first opportunity to claim ineffective assistance of appellate counsel was in his motion for relief from judgment. *Whiting v. Burt,* 395 F.3d 602, 610 n.6 (6th Cir. 2005).

8

Cause must be something that cannot be attributed to the petitioner. *Id.* A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 495-96 (1986). To be credible such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). In order to obtain habeas review on the merits of a procedurally defaulted claim under the "actual innocence" exception, the otherwise - barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted but with due regard to any unreliability of it and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

Petitioner asserts two points in support of the court bypassing the procedural default bar and analyzing the remaining issues on the merits. First, he claims that the one line order from the Michigan Supreme Court on December 27, 2005 denying relief due to his failure to "meet the burden of establishing entitlement to relief under MCR 6.508(D)" is not a sufficiently reasoned opinion to provide a foundation for a procedural default analysis. *See People v. Rimson,* 474 Mich. 978, 707 N.W.2d 204 (Table) (Mich. Dec. 27, 2005). As previously stated, case law provides that such a brief order constitutes a reasoned judgment which is sufficient to give rise to a procedural default analysis. *Hargrave-Thomas,* 374 F.3d at 387-88. Therefore, this argument has no

9

merit.

Second, Petitioner maintains that the cause for his procedural default is the ineffective assistance of his trial counsel and his appellate counsel. Counsel's deficient performance may constitute cause for procedural default, but only if it is constitutionally ineffective under the standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy a two-prong test.

First, the petitioner must show that the performance of counsel fell "below the objective standard of reasonableness." *Strickland,* 466 U.S. at 688. In so doing, the petitioner must rebut the presumption that counsel's "challenged action might be considered sound trial strategy." *Id.* at 689. The second prong requires that the defendant "show there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. For claims of ineffective assistance of appellate counsel, the defendant must show that appellate counsel failed to raise an issue which was reasonably probable to have changed the result on appeal. *Greer v. Mitchell,* 264 F.3d 663 (6th Cir. 2001). Appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit. *Id.* at 676.

## 1. Prosecutorial Misconduct

First, Petitioner maintains that the prosecutor engaged in misconduct by presenting false evidence to the jury regarding the use of a screwdriver in the stabbing death of Mr. Wang. Although, Petitioner argues that the cause for the procedural default of this claim is ineffective assistance of counsel in his failure to object to the admission of this testimony, the court rejects the merits of this argument. It is Petitioner's position that because (1) the medical examiner could not state with certainty what was used to stab Mr. Wang; (2) the eyewitnesses to the struggle between Mr. Wang and the Petitioner could not testify with certainty with what Petitioner was stabbing Mr. Wang; and (3) the screwdriver allegedly used to stab Mr. Wang was never found, introduction of evidence in an effort to establish that a screwdriver was used to kill Mr. Wang constituted prosecutorial misconduct.

In order to prove this claim Petitioner must show that: (1) the evidence the prosecution presented was false; (2) the prosecution knew it was false; and (4) the false evidence was material. *United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir. 1992). Petitioner has failed to meet any of the necessary criteria.

First, Petitioner has not supported his claim that the testimony was "false." Indeed, Petitioner confessed to killing Mr. Wang with a screwdriver; and his inculpatory statement was admitted into evidence. (Trial Transcript, Vol. II, 6/17/99, pg. 113-14). There is no indication of evidence showing that the murder weapon was *not* a screwdriver. Petitioner has made no showing that the prosecutor had any knowledge that the murder weapon was anything other than a screwdriver. Finally, whether the weapon was a screwdriver, a knife, a letter opener, or something else long and lethal is

11

immaterial to the acknowledged fact that Petitioner did stab and kill Mr. Wang with a sharp, pointed object.

Because this issue has no merit, trial counsel was not ineffective for failing to raise it and appellate counsel was not ineffective for pursuing it on appeal. *See Strickland,* 466 U.S. at 688; *Greer,* 264 F.3d at 676. Accordingly, Petitioner has failed to demonstrate cause for his procedural default of this claim. *See Wainwright,* 433 U.S. at 87.

## 2. Ineffective Assistance of Trial Counsel

Next, Petitioner claims that his trial counsel was ineffective for failing to: (1) assert a viable defense; (2) support an insanity defense with evidence; (3) object to evidence that a screwdriver was used to stab Mr. Wang; (4) challenge the lack of corroborating evidence that a larceny offense was committed; and (5) investigate the circumstances of Petitioner's confession to the police.

Upon review of the record, it is clear that trial counsel's strategy was to discredit the eyewitness testimony of the prosecution's witnesses, to establish doubt about the veracity and accuracy of Petitioner's inculpatory statement to the police, and to encourage the jury to distrust the criminal investigation of this matter. Briefly addressing each of Petitioner's points, first, he admitted that he tried to take money from Mr. Wang and when Mr. Wang resisted, the two struggled, Petitioner pulled out a screwdriver from his pocket, and he proceeded to stab Mr. Wang. Petitioner asserts that he was defending himself and that other witnesses should have been called to speak on his behalf. As set forth above, trial counsel's decision to disagree with Petitioner's opinion relative to this matter does not constitute ineffective assistance of counsel.

Second, Petitioner claims that an insanity defense should have been presented. However, trial counsel had Petitioner examined by Dr. Rick Raymond, a forensic psychologist. Since the results did not necessarily support an insanity defense, it was not pursued. This was a strategic decision by trial counsel.

Third, pursuant to the previous discussion about the screwdriver evidence, the court likewise finds that not objecting to the admission of such testimony does not substantiate an ineffective assistance of trial counsel claim. Petitioner has not shown that the screwdriver evidence was false and if it was that the prosecutor knew of its falsity. Therefore, trial counsel's failure to object to the admission of such evidence cannot be demonstrated as improper.

Petitioner's also claims that trial counsel failed to challenge any evidence of larceny and failed to investigate the circumstances of his confession, but the court disagrees. A review of the record reveals that trial counsel's questioning of the witnesses relative to all elements of the charged offense was done. Moreover, Petitioner has failed to show that trial counsel did not investigate the circumstances of his confession. To the contrary, trial counsel's questioning of the law enforcement officials in this matter demonstrates his awareness of potential issues that would be favorable to Petitioner if believed by the jury. Therefore, his questioning showed an effort to cast doubt upon the accuracy and veracity of the statement.

Considering the above, particularly in light of the presumption that trial counsel's decisions were based upon trial strategy, there is not a reasonable probability that the Michigan appellate courts would have reversed Petitioner's convictions, had appellate

counsel raised the issue of ineffective assistance of trial counsel. Appellate counsel was therefore not ineffective.

Since, Petitioner has failed to establish that he received ineffective assistance of trial and appellate counsel, he has failed to demonstrate cause for his procedural default. In light of this fact, the court need not engage in a prejudice analysis. *Smith v. Murray,* 477 U.S. 527, 533 (1986). Petitioner has also failed to establish that a fundamental miscarriage of justice has occurred or that he is "actually innocent." Petitioner admits in his statement to the police and in his habeas petition that he stabbed and killed Mr. Wang. It is Petitioner's position, however, that he was justified in doing so as he was defending himself. This basis for Mr. Wang's death does not substantiate a claim of actual innocence as Petitioner has failed to produce any new reliable evidence not presented at trial.

Accordingly, Petitioner's procedurally defaulted issues are barred from habeas review; and relief is denied as to those claims.

### C. Ineffective Assistance of Appellate Counsel

In Petitioner's fourth claim, he argues that appellate counsel was ineffective for failing to argue prosecutorial misconduct and ineffective assistance of trial counsel on appeal. For the reasons discussed above, however, these claims have no merit. Appellate counsel cannot be ineffective for a failure to raise issues that lack merit. *Greer,* 264 F.3d at 676. Accordingly, Petitioner's final claim is denied.

### IV. CERTIFICATE OF APPEALABILITY

14

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the court's conclusions that: (1) the Michigan Court of Appeals' decision to reject Petitioner's challenge of the jury instructions was not unreasonable; (2) Petitioner's second and third claims are procedurally defaulted and he has not shown cause for the default; and (3) Petitioner's final claim lacks merit. Therefore, the court denies a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: December 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 26, 2007, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-10669.RIMSON.habeas.KA.3.wpd

16