UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD PERDUE,

    Petitioner,

v.                                          Case No. 06-10669

DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE
COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Before the court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b). (Dkt. ## 35, 37.) Petitioner seeks relief from this court's denial of his 2006 habeas petition. For the reasons stated below, the motion will be transferred to the Court of Appeals for the Sixth Circuit.

**I. BACKGROUND**

In 2002, Petitioner Ronald Perdue, a state prisoner convicted of first-degree murder in the Wayne Circuit Court and serving a life sentence, filed a petition for writ of habeas corpus claiming that he was incarcerated in violation of his constitutional rights. Petitioner raised four claims in his petition. The court denied the petition on the grounds that none of Petitioner's claims had merit. (Dkt. # 27.)

After the court denied the petition, Petitioner filed a notice of appeal, and a motion for a certification of appealability in the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit denied the motion. (Dkt. 34.) Over six years later, on February 3, 2015, Petitioner filed the instant motion under Rule 60(b) and two

amendments to the motion, asking the court to vacate its order denying the habeas petition and grant the writ.

## II. DISCUSSION

The threshold question presented by Petitioner's motion is whether, although it is styled as a Rule 60(b) motion, it must be construed as a second or successive petition under § 2244(b) over which the court lacks jurisdiction.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The "judgment" from which relief may appropriately be sought under Rule 60(b) here is the court's ruling on the prior habeas petition itself. That is, a Rule 60(b) motion

would be appropriate to "attack [ ] ... some defect in the integrity of the [prior] federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—should not be construed as a second or successive habeas petition. *Id.* at 532 n. 4. However, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion." *Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532). In short, new claims that challenge the underlying conviction or sentence or "the substance of the federal court's resolution of a [prior habeas] claim on the merits" are not appropriately brought under Rule 60(b). *Gonzalez*, 545 U.S. at 532.

Petitioner asserts in his motion for relief from judgment that his conviction is void because he was not represented by counsel at his arraignment in the state district court. This new claim alleging a defect in the state court proceedings as opposed to one in this court's proceedings is not proper under Rule 60(b) in the habeas context. Petitioner's claim is a merit-based attack on his state court conviction. As such, his Rule 60(b) motion presents a new claim and is the "functional equivalent" of a second habeas application governed by § 2244(b).

Under § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Because Petitioner's Rule 60(b) motion is the functional equivalent of a successive habeas petition, and because he has not obtained authorization from the Sixth Circuit to file such a petition, the court lacks jurisdiction to consider the merits of the Rule 60(b) motion. See *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) ("§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition.").

The Sixth Circuit has instructed the district courts to transfer to the Sixth Circuit any second or successive petition for habeas relief filed in the district court without authorization, pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### III.  CONCLUSION

Accordingly, IT IS ORDERED that the Clerk of the Court is DIRECTED to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


     s/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  February 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 2, 2016, by electronic and/or ordinary mail.

     s/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522

S:\Cleland\SMQ\Civil\06-10669.PERDUE.transferToCA6.smq.wpd